**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al., | No. CV-24-00031-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Forest Service, et al., | |
| Defendants. | |

The Salt River Wild Horse Management Group ("Salt River") and American Wild Horse Conservation ("American") (collectively, the "proposed intervenors") have filed a Motion to Intervene as Defendants in this matter. (Doc. 18). The proposed intervenors also filed a request for voluntary reassignment under Local Rule of Civil Procedure 42.1 (the "Request"). (Doc. 19). Plaintiffs Center for Biological Diversity, Maricopa Audubon Society, Arizona Wildlife Federation, Arizona Deer Association, and the Arizona Bighorn Sheep Society ("Plaintiffs") filed a response to the Request (Doc. 20) and the proposed intervenors filed a reply (Doc. 21). For the following reasons, the Court will voluntarily reassign this case.

**I.     Background**

On January 5, 2024, Plaintiffs filed a Complaint against the United States Forest Service and Neil Bosworth, acting in his official capacity as a supervisor ("Defendants") for violations of the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA"). (Doc. 1 at 13–14). Plaintiffs noted in their civil cover sheet

attached to their Complaint that this case was related to another case that was then pending in this district before Judge Teilborg: *Center for Biological Diversity et al v. United States Forest Service et al*, 2:23-cv-0715-JAT (the "Related Case"). (Doc. 1-1 at 2). The complaint in that case was filed on April 27, 2023. *Center for Biological Diversity et al v. United States Forest Service et al*, 2:23-cv-0715-JAT, ECF No. 1 (D. Ariz. Apr. 27, 2023). The Related Case involved substantially similar parties; the same proposed intervenors also filed a Motion to Intervene as Defendants there. *See id*. at ECF No. 19 (D. Ariz. Aug. 3, 2023). As in this matter, Plaintiffs similarly alleged Defendants violated the NEPA and the APA. *Id*. at ECF No. 1 at 11–12. On October 31, 2023, Judge Teilborg granted Defendants' Motion to Dismiss in part, but granted Plaintiffs leave to amend. *Id*. at ECF No. 25. Plaintiffs did not amend their complaint and the case was thus terminated on December 6, 2023. (Doc. 26). Plaintiffs subsequently filed the instant case, which was assigned to this Court. (*Id*.)

**II.   Discussion**

The proposed intervenors ask the Court to transfer this case to Judge Teilborg as five of the six factors to consider enumerated in Local Rule[1] 42.1(e) "strongly counsel in favor of such voluntary transfer." (Doc. 19 at 3). Plaintiffs do not argue for or against transfer, but state that they expected this case would be assigned to Judge Teilborg since they noted the related case in their Complaint. (Doc. 20 at 3).

Local Rule 42.1 sets forth the applicable standards for transferring or consolidating cases within the District of Arizona. A party may file a motion to transfer a case to be heard by a single Judge. Here, as noted by Plaintiffs, the proposed intervenors are not yet parties in this matter. LRCiv 42.1(a). The proposed intervenors instead request that the Court voluntarily transfer this case to Judge Teilborg. (Doc. 19). In the District of Arizona, a Judge may transfer a case to another Judge with that Judge's consent and with notice to the Chief Judge in any of the following circumstances:

---

[1] Unless otherwise noted, all references to Local Rules are to the Arizona District Court Local Rules of Civil Procedure.

> (1) If the transferee Judge previously adjudicated a case that:
>    (A) arose from substantially the same transaction or event;
>    (B) involved substantially the same parties or property;
>    (C) involved the same patent, trademark, or copyright; or
>    (D) called for the determination of substantially the same questions of law;
> (2) For any other reason which would entail substantial duplication of labor if heard by the transferor Judge; or
> (3) For reasons of judicial economy and the availability of judicial resources.

LRCiv 42.1(e).  District courts should also construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

The Court concludes that voluntary transfer is proper here.  In the instant case, Plaintiffs allege in their Complaint that Defendants' "association with, and approval of, the 2023 Salt River Horse Management Plan constitutes major federal action" which "may significantly impact the quality of the environment because it authorizes management of the Salt River horse herd that has led to, and will lead to, severe degradation of the riparian area where the horses live."  (Doc. 1 at 13–14).  These allegations mirror, verbatim, the allegations set forth in the Related Case.  *Center for Biological Diversity et al*, 2:23-cv-0715-JAT, ECF No. 1 at 12.  From this, the Court finds that Plaintiffs raise substantially similar claims arising from substantially the same transaction or event and involving substantially the same parties which calls for the determination of substantially the same questions of law.  *See* LRCiv 42.1(e); *compare* 23-CV-0715-JAT, ECF No. 1 at 11–12 *with* Doc. 1 at 13–14. Furthermore, Plaintiffs do not oppose transfer and state that they expected this case would be assigned to Judge Teilborg since they noted the related case in their Complaint.  (Doc. 20 at 3).  Moreover, Judge Teilborg has already decided a Motion to Dismiss in this case regarding substantially similar questions of law and further adjudication of this case would involve duplication of labor if heard by this Court.  LRCiv 42.1(e)(3).

Upon consultation with and consent from Judge Teilborg, and consideration of the factors in Local Rule 42.1(e), the undersigned will transfer this case to Judge Teilborg.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall transfer this case (24-CV-0031-PHX-DJH) to Judge Teilborg (who has consented to this transfer) pursuant to Local Rule Civil 42.1(e). The case shall then bear the case number 24-CV-0031-PHX-JAT.

**IT IS FINALLY ORDERED** that all other motions shall remain pending before Judge Teilborg.

Dated this 17th day of May, 2024.

_____
Honorable Diane J. Humetewa
United States District Judge